JOSEPH IP a/k/a KEI WAI IP, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Ip v. Commissioner
Docket No. 12623-81.
United States Tax Court
T.C. Memo 1982-240; 1982 Tax Ct. Memo LEXIS 510; 43 T.C.M. (CCH) 1292; T.C.M. (RIA) 82240; May 3, 1982. Michael L. Levine, for the petitioner. Julius A. Jove, for the respondent. SCOTT MEMORANDUM OPINION SCOTT, Judge: On June 8, 1981, petitioner filed his petition in the above-entitled case in which he alleged that respondent had determined deficiencies in his income taxes for the calendar years 1971 and 1973 in a notice of deficiency which had been mailed to him, but that *511 the notice had not been received by him and he was not in possession of any such notice. On August 6, 1981, respondent filed a motion to dismiss the petition for lack of jurisdiction on the ground that the petition was not filed within the period of 90 days after the mailing of the notice of deficiency to petitioner as required by section 6213(a). [1] On September 18, 1981, petitioner filed objections to respondent's motion on the ground that at the time the notice of deficiency was mailed he was incarcerated because of a conviction for conspiracy to possess drugs. Petitioner stated that he was incarcerated at the United States Penitentiary at Lewisburg, Pennsylvania, during the period 1973 through 1976. Pursuant to notice, a hearing was held on respondent's motion to dismiss on December 7, 1981. At this hearing a stipulation of facts was filed. The facts as stipulated are found accordingly. At the time of the filing of his petition in this case, petitioner resided in Flushing, New York. No statutory notice of deficiency *512 was mailed by respondent to petitioner for his taxable year 1971, and the parties agree that this Court has no jurisdiction for the year 1971. For the calendar year 1973, petitioner and his wife, Patty Kwan Yee Ip, filed a joint Federal income tax return. On November 20, 1975, respondent mailed, by certified mail, a statutory notice of deficiency to petitioner at his last known address as follows: Mr. Joseph Ip #790-91-158, a/k/a Kei Wai Ip, Federal Penitentiary, Lewisburg, Pennsylvania 17837 In this statutory notice respondent determined a deficiency in petitioner's income tax for the calendar year 1973 of $ 15,684.63 and an addition to tax under section 6653(a) of $ 784.23. This notice recited that a duplicate original thereof had been mailed to Mrs. Kwan Yee Ip, a/k/a Patty, at the address in Corona, New York, shown on the joint Federal income tax return filed by petitioner and his wife for the year 1973. It further stated that pursuant to section 6851 a termination assessment was made with respect to the year 1973 for a tax of $ 19,676.33, and that any payments made for the termination period involved would be credited to petitioners' account. The notice of deficiency *513 mailed by respondent to petitioner on November 20, 1975, was received by the penitentiary on November 24, 1975. The mailroom ledger of incoming registered and certified mail maintained by the United States Penitentiary at Lewisburg, Pennsylvania, shows the receipt of the letter from the Internal Revenue Service sent by certified mail to petitioner and the certification number. The space on the mailroom ledger provided for notation of disposition of certified or registered mail, which is next to the notation of receipt of the certified letter from the Internal Revenue Service for petitioner, is blank. All other spaces on the page of this ledger covering the period November 19, 1975, through November 26, 1975, provided for showing the disposition of certified or registered mail have either a signature of an individual, a notation such as "caseworker," or a notation such as "writ returned." Petitioner contends that he never received the statutory notice of deficiency issued by respondent for the year 1973 at any time and therefore his present petition should be considered as timely. Respondent takes the position that, since the notice in this case was mailed to petitioner at his *514 last known address, it is irrelevant whether petitioner did in fact receive the statutory notice. Petitioner does not contend, but in fact stipulated, that the notice was mailed to him at his last known address, which was the Federal penitentiary at Lawisburg. Petitioner also recognizes that under the provisions of section 6212 the Commissioner is authorized to send a notice of deficiency to a taxpayer by certified or registered mail and that such a notice, if mailed to the taxpayer at his last known address, is sufficient for the purpose of section 6213. Petitioner further recognizes that under the provisions of section 6213(a) a petition with this Court is to be filed within 90 days after the mailing of the notice of deficiency authorized in section 6212. It is petitioner's position, however, that the provisions of sections 6212 and 6213 have been judicially interpreted to contain an exception in the case of a taxpayer incarcerated in a Federal penitentiary and, in such a situation, the 90-day period for filing a petition does not begin to run until the taxpayer receives actual notice of the mailing of the notice of deficiency from the warden of the institution in which the *515 taxpayer is confined. In support of his position petitioner relies on , reversing an order of dismissal of this Court. It is respondent's position that since the parties in the instant case agree that the notice of deficiency mailed to petitioner was mailed to his last known address by certified mail, the notice is sufficient for the purposes of section 6213, even though petitioner did not actually receive the notice. [2] This Court and other courts have on numerous occasions held that a notice of deficiency which is properly mailed need not be received to be effective. ; , affd. per curiam , and cases there cited. The numerous cases discussing whether a notice of deficiency was mailed to a taxpayer's last known address all recognize that if this provision is complied with and the petition is not filed within the 90-day period provided for in section 6213(a), this Court is without jurisdiction to redetermine the deficiency asserted. ; *516 . The case of , does not, as petitioner contends, provide for an exception to the statutory requirement that a petition be filed within 90 days after the mailing of a notice of deficiency to a taxpayer at his last known address in order for this Court to have jurisdiction to redetermine the deficiency. In that case the Circuit Court stated in its opinion that the notice had not been mailed to the taxpayer at the Federal penitentiary *517 but, rather, had been mailed to the warden with a request that he deliver the notice to the taxpayer. The basis of the Court's opinion was that, by mailing the notice to the warden, respondent constituted the warden his agent for delivery of the notice to the taxpayer. In fact, the Court in that case specifically held that the Atlanta Penitentiary in which the taxpayer was incarcerated was the taxpayer's last known address. The Court pointed out that the applicable statutes require that the notice be "mailed to the taxpayer at his last known address" and that the facts in the DiViaio case showed that even though the notice was addressed to the taxpayer in care of the warden, it was in fact mailed to the warden with a letter addressed to the warden requesting him to serve the notice on the taxpayer. After reciting these facts, the Court stated (at 234): Where the notice is "mailed to the taxpayer at his last known address", notice is presumed to have been given on the date the notice is placed in the mail. Mailing to an agent for delivery to the taxpayer is not equivalent to mailing to the taxpayer in determining the start of the 90 day period. [Fn. omitted.] In the *518 instant case, the United States Penitentiary at Lewisburg, Pennsylvania, was petitioner's last known address, and respondent mailed the notice of deficiency for the year 1973 to petitioner at that address. Under these circumstances, whether or not petitioner received the notice, it was a sufficient notice within the provisions of sections 6212 and 6213. Since the petition in this case was not filed within 90 days after the mailing of the notice of deficiency to petitioner, this Court is without jurisdiction over this case. An appropriate order will be entered.
Footnotes
1. Unless otherwise stated, all statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the years here in issue.↩
2. Respondent does not admit that petitioner did not actually receive the notice. However, in our view, since petitioner alleged in his petition that he did not receive the notice and no evidence was presented at the trial with respect to whether petitioner did in fact receive the notice, we must assume for the purpose of this motion that petitioner did not in fact receive the notice. Even though ultimately establishing that this Court has jurisdiction is upon petitioner, in ruling on an issue of jurisdiction raised by a motion to dismiss we must accept all properly pleaded facts to the extent not modified by stipulated facts or other evidence.↩